UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00104-JPH-DLP |
| | ) |
| ROBERT E. CARTER, | ) |
| CHARLES DUGAN, | ) |
| RICHARD BROWN, | ) |
| RANDALL PURCEL, | ) |
| JERRY SNYDER, | ) |
| JACK HENDRIX, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff Aaron Scott is an inmate at Wabash Valley Correctional Facility (WVCF). Because Mr. Scott is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Scott are

construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint concerns Mr. Scott's confinement in administrative segregation while at WVCF beginning in 2018, a period Mr. Scott alleges totals one year and six months. Dkt. 1 at 3. Mr. Scott names the following defendants in his complaint: (1) Charles Dugan, WVCF Case Worker; (2) Richard Brown, WVCF Warden; (3) Randall Purcel, WVCF Case Worker Manager; (4) Jerry Snyder, WVCF Unit Team Manager; (5) Jack Hendrix, WVCF Director of Classification; and (6) Robert E. Carter, Indiana Department of Correction (IDOC) Commissioner. *Id.* at 2.

Mr. Scott alleges that he was placed in administrative segregation without being told he could appeal such placement. *Id.* at 3. Mr. Scott alleges that he has tried to appeal his reviews but "does not receive any classification forms when requested[.]" *Id.* at 4. While in segregation, Mr. Scott alleges that he is kept in his cell 23 hours a day, is handcuffed and shackled whenever he leaves his cell, can only shower three times per week, eats alone from food trays passed through the narrow opening in his cell door, is allowed no physical contact with any visitors, and has a security light that remains turned on for 24 hours a day that disturbs his sleep. *Id.* at 3.

Mr. Scott alleges that he has not received periodic reviews regarding his placement in segregation as required by Indiana Code § 11-10-1-7(b) and the Fourteenth Amendment and did not receive reviews from March 29, 2018, to February 6, 2020. *Id.* at 3-4. Mr. Scott alleges that he "receives nothing but perfunctory (30) days reviews only learning about them after the fact when a copy of the form is placed into his mailbag." *Id.* Mr. Scott alleges that each of the defendants was responsible for his prolonged administrative segregation confinement because he or she denied Mr. Scott meaningful reviews, completed perfunctory reviews, or failed to properly

train or supervise subordinates or otherwise ensure that meaningful reviews took place.

Mr. Scott asserts Eighth and Fourteenth Amendment claims against the defendants and seeks compensatory and punitive damages. *Id.* at 5-9.

### III. Discussion of Claims

Mr. Scott's Eighth and/or Fourteenth Amendment claims against each of the defendants pursuant to 42 U.S.C. § 1983 **shall proceed**.

### IV. Issuance of Service

**The clerk is directed** to issue process to defendants: (1) Charles Dugan, WVCF Case Worker; (2) Richard Brown, WVCF Warden; (3) Randall Purcel, WVCF Case Worker Manager; (4) Jerry Snyder, WVCF Unit Team Manager; (5) Jack Hendrix, WVCF Director of Classification; and (6) Robert E. Carter, IDOC Commissioner, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **clerk is directed** to serve the IDOC employees electronically.

### V. Conclusion

The claims discussed in Part III are the only claims the Court identified in this complaint. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 10, 2020**, to notify the Court. The **clerk is directed to issue service** of process to the defendants in the manner specified in Part IV.

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON SCOTT
245197
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


By electronic service to the Indiana Department of Correction:

Charles Dugan
Richard Brown
Randall Purcel
Jerry Snyder
Jack Hendrix


Robert E. Carter, IDOC Commissioner
302 W. Washington Street, Room E-334
Indianapolis, IN 46204